

**U.S. Department of Justice**

*United States Attorney*
*District of Connecticut*

---

| | |
|---|---|
| *Connecticut Financial Center* | *(203)821-3700* |
| *157 Church Street* | |
| *New Haven, Connecticut 06508* | *Fax (203) 821-3829* |

September 26, 2007

William F. Dow, Esq.
350 Orange Street
New Haven, Connecticut 06503

      Re:    Raymond Lemley  — 07 CR 210 (AVC)

Dear Mr. Dow:

This letter confirms the plea agreement entered into between your client, Raymond Lemley (the "defendant"), and the United States Attorney's Office for the District of Connecticut (the "Government") concerning the referenced criminal matter.

## THE PLEA AND OFFENSE

Raymond Lemley agrees to waive his right to be indicted and to plead guilty to a one-count information charging him with Structuring, in violation of Title 31, United States Code, Sections 5324(a)(3) and Title 31, Code of Federal Regulations, Section 103.11.
The defendant understands that, to be guilty of this offense, the following essential elements must be satisfied:

| | |
|---|---|
| First: | Defendant engaged in currency transactions with or at domestic financial institutions; |
| Second: | Defendant possessed knowledge that a report is required for currency transactions in excess of $10,000; |
| Third: | Defendant engaged in a series of currency transactions in amounts less than $10,000; and |
| Fourth: | Defendant intended to evade the reporting requirement. |

## THE PENALTIES

This offense carries a maximum penalty of five years imprisonment and a $250,000 fine. In addition, under 18 U.S.C. § 3583, the Court may impose a term of supervised release of not more than three years, to begin at the expiration of any term of imprisonment imposed.

Defendant understands that should he violate any condition of the supervised release during its term, he may be required to serve a further term of imprisonment of two years, with no credit for the time already spent on supervised release.

The defendant is also subject to the alternative fine provision of 18 U.S.C. § 3571. Under this section, the maximum fine that may be imposed against either defendant is the greatest of the following amounts: (1) twice the gross gain to the defendant resulting from the offense; (2) twice the gross loss resulting from the offense; or (3) $250,000.

In addition, defendant is obligated by 18 U.S.C. § 3013 to pay a special assessment of $100.00 on each count of conviction. The defendant agrees to pay the special assessment to the Clerk of the Court on the day the guilty plea is accepted.

Finally, unless otherwise ordered, should the Court impose a fine of more than $2,500 as part of the sentence, interest will be charged on the unpaid balance of a fine amount not paid within 15 days after the judgment date. 18 U.S.C. § 3612(f). Other penalties and fines may be assessed on the unpaid balance of a fine pursuant to 18 U.S.C. §§3572 (h), (i) and § 3612(g).

### Restitution

The parties agree that the restitution provisions of 18 U.S.C. § 3663A are not applicable to this case.

## THE SENTENCING GUIDELINES

### Applicability

The defendant understands that although application of the United States Sentencing Guidelines is not mandatory, they are advisory and the Court is required to consider any applicable Sentencing Guidelines as well as other factors enumerated in 18 U.S.C. § 3553(a) to tailor an appropriate sentence in this case. *See United States v. Booker*, 125 S. Ct. 738 (2005). The defendant expressly understands and agrees that the Sentencing Guideline determinations will be made by the Court, by a preponderance of the evidence, based upon input from the defendant, the Government, and the United States Probation Officer who prepares the presentence investigation report. The defendant further understands that he has no right to withdraw his guilty plea if the sentence or the Guideline application is other than he anticipated.

### Acceptance of Responsibility

At this time, the Government agrees to recommend that the Court reduce by two levels the defendant's Adjusted Offense Level under section §3E1.1(a) of the Sentencing Guidelines, based on the defendant's prompt recognition and affirmative acceptance of responsibility for the offense. This recommendation is conditioned upon the defendant's full, complete, and truthful disclosure to the Probation Office of information requested, of the circumstances surrounding his commission of the offense, of his criminal history, and of his financial condition by submitting

complete and truthful financial statements. The defendant expressly understands that the Court is not obligated to accept the Government's recommendation on the reduction.

The Government will not make this recommendation if a defendant engages in any act which (1) indicates that said defendant has not terminated or withdrawn from criminal conduct or associations (Sentencing Guideline section §3E1.1); (2) could provide a basis for an adjustment for obstructing or impeding the administration of justice (Sentencing Guideline §3C1.1); or (3) constitute a violation of any condition of release. Moreover, the Government will not make this recommendation if a defendant seeks to withdraw his plea of guilty. The defendant expressly understands that he may not withdraw his plea of guilty if, for the reasons explained above, the Government does not make this recommendation.

### Stipulation

The Government and defendant stipulate that the applicable base offense level under U.S.S.G. § 2S1.3 is 6. Eight levels are added under U.S.S.G. § 2B1.1 since the amount of money structured is greater than $70,000 but less than $120,000. Pursuant to U.S.S.G. § 2S1.3(b)(3), because the defendant did not act with reckless disregard of the source of the funds, the funds were the proceeds of lawful activity, and the funds were to be used for a lawful purpose, the offense level should be decreased to level 6. Two levels are subtracted under U.S.S.G. § 3E1.1 for acceptance of responsibility, as noted above, resulting in a total adjusted offense level of 4. Level 4, with a criminal history category I (which the parties predict the defendant to be) results in a range of zero to 6 months' imprisonment, and a fine range of $250 to $5,000 (§ 5E1.2(c)(3), (4)).

The defendant expressly understands that the Court is not bound by this agreement on the Guideline and fine ranges specified above. The defendant further expressly understands that he will not be permitted to withdraw the plea of guilty if the Court imposes a sentence outside the Guideline range or fine range set forth in this agreement.

In the event the Probation Office or the Court contemplates any sentencing calculations different from those stipulated by the parties, the parties reserve the right to respond to any inquiries and make appropriate legal arguments regarding the proposed alternate calculations. Moreover, the Government expressly reserves the right to challenge or defend any sentencing determination, other than that stipulated by the parties, in any post-sentencing proceeding.

### Waiver of Right to Appeal
### or Collaterally Attack Sentence

The defendant acknowledges that under certain circumstances he is entitled to appeal his conviction and sentence.  It is specifically agreed that the defendant will not appeal or collaterally attack in any proceeding, including but not limited to a motion under 28 U.S.C. § 2255 and/or §2241, the conviction or sentence of imprisonment imposed by the Court if that sentence does not exceed 6 months, even if the Court imposes such a sentence based on an analysis different from that specified above. The defendant expressly acknowledges that he is knowingly and intelligently waiving his appellate rights.

Information to the Court

The Government expressly reserves its right to address the Court with respect to appropriate sentences to be imposed in this case. Moreover, it is expressly understood that the Government will discuss the facts of this case, including information regarding the defendant's background and character, 18 U.S.C. § 3661, with the United States Probation Office, and will provide the Probation Officer with access to its files, with the exception of grand jury material.

## WAIVER OF RIGHTS

### Waiver of Right to Indictment

The defendant understands that he has the right to have the facts of this case presented to a federal grand jury, consisting of between sixteen and twenty-three citizens, twelve of whom would have to find probable cause to believe that he committed the offense set forth in the information before an indictment could be returned. The defendant expressly acknowledges that he is knowingly and intelligently waiving his rights to be indicted.

### Waiver of Trial Rights and Consequences of Plea

The defendant understands that he has the right to be represented by an attorney at every stage of the proceeding and, if necessary, one could be appointed to represent him.

The defendant understands that he has the right to plead not guilty or to persist in that plea if it has already been made, the right to a public trial, the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against him, the right not to be compelled to incriminate himself, and the right to compulsory process for the attendance of witnesses to testify in his defense. The defendant understands that by pleading guilty he waives and gives up those rights and that, if the plea of guilty is accepted by the Court, there will not be a further trial of any kind.

The defendant understands that if he pleads guilty, the Court may ask him questions about each offense to which he pleads guilty, and if he answers those questions falsely under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or making false statements.

### Waiver of Statute of Limitations

The defendant understands and agrees that should the conviction following his plea of guilty pursuant to this plea agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this plea agreement may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this plea agreement and the commencement or reinstatement of such prosecution. With respect to such commencement or reinstatement of the charges mentioned in the previous sentence, the defendant agrees to waive all defenses based on

-4-

the statute of limitations with respect to any prosecution that is not time-barred on the date the plea agreement is signed.

## ACKNOWLEDGMENT OF GUILT; VOLUNTARINESS OF PLEA

The defendant acknowledges that he is entering into this agreement and pleading guilty freely and voluntarily because he is guilty. The defendant further acknowledges that he is entering into this agreement without reliance upon any discussions between the Government and him (other than those described in the plea agreement letter), without promise of benefit of any kind (other than the concessions contained in formal letter agreements), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges his understanding of the nature of the offense to which he is pleading guilty, including the penalties provided by law. As of this time, the defendant also acknowledges his complete satisfaction with the representation and advice received from his undersigned attorney. The defendant and his undersigned counsel are unaware of any conflict of interest concerning counsel's representation of the defendant in the case.

The defendant also expressly acknowledges that he is not a "prevailing party" within the meaning of Public Law 105-119, section 617 ("the Hyde Amendment") with respect to the count of conviction or any other count or charge that may be dismissed pursuant to this agreement. The defendant voluntarily, knowingly, and intelligently waives any rights he may have to seek reasonable attorney's fees and other litigation expenses under the Hyde Amendment.

## SCOPE OF THE AGREEMENT

The defendant acknowledges and understands that this agreement is limited to the undersigned parties and cannot bind any other federal authority, or any state or local authority. The defendant acknowledges that no other representations have been made to him with respect to any civil or administrative consequences that may result from this plea of guilty because such matters are solely within the province and discretion of the specific administrative or governmental entity involved. Finally, the defendant understands and acknowledges that this agreement has been reached without regard to any civil tax matters that may be pending or which may arise involving him.

## COLLATERAL CONSEQUENCES

The defendant further understands that he will be adjudicated guilty of each offense to which he pleads guilty and will be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to possess firearms. The Government also reserves the right to notify any other State or Federal agency, as well as any current or future employer, of the fact of the defendant's conviction. Finally, defendant understands that, pursuant to section 203(b) of the Justice For All Act, the Bureau of Prisons or the Probation Office will collect a DNA sample from him for analysis and indexing.

## SATISFACTION OF FEDERAL CRIMINAL LIABILITY; BREACH

-5-

The defendant's guilty plea, if accepted by the Court, will satisfy his federal criminal liability as a result of the structured transactions that give rise to the charge in this case.

The defendant understands that if, before sentencing, he violates any term or condition of this agreement, engage in any criminal activity, or fail to appear for sentencing, the Government may void all or part of this agreement. If the agreement is voided in whole or in part, the defendant will not be permitted to withdraw his plea of guilty.

## NO OTHER PROMISES

The defendant acknowledges that no other promise, agreement, or condition has been entered into, other than those set forth in this plea agreement and any other written agreement signed by all the parties.

This letter shall be presented to the Court, in open court, and filed in this case.

Sincerely,

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

MARK D. RUBINO
ASSISTANT UNITED STATES ATTORNEY

Defendant certifies that he has read this plea agreement letter, that he has had ample time to discuss this agreement with counsel, and that he fully understands and accepts its terms.

RAYMOND LEMLEY

9/26/07
Date

I have thoroughly read, reviewed and explained this plea agreement to my client, who advises me that he understands and accepts its terms.

WILLIAM F. DOW, ESQ.
Attorney for the Defendant

9/26/07
Date

-6-